UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MELVIN E. GATEWOOD,

    Plaintiff,

Case No. 1:04-CV-594

v.

Hon. Richard Alan Enslen

LARRY MCMILLAN, *et al.*,

**JUDGMENT**

    Defendants.

_____/

    Plaintiff Melvin E. Gatewood has filed a *pro se* Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of July 25, 2005. Said Report has recommended that the instant action be dismissed. The Court now reviews the Objection and the pertinent parts of the Record *de novo* in accordance with 28 U.S.C. § 636.

    Upon such review, the Court finds that the Objection should be denied and the Report adopted for the reasons previously given. Plaintiff did not properly administratively exhaust his claims against Defendants Burt and McMillan. In particular, he failed to specifically name them in his two level one grievances, as required by Sixth Circuit precedent. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Burton v. Jones*, 31 F.3d 569, 575 (6th Cir. 2003). Further, the only involvement of Defendants Burt and McMillan–denial of grievances as part of the administrative review process–is an insufficient basis for constitutional liability since they were not actively involved in the alleged constitutional violation (denial of religious practice).

    Defendant Patricia Caruso was actively involved in the alleged constitutional violation and Plaintiff has sufficiently exhausted administrative remedies as to her. However, Defendant Caruso

must be dismissed given the operation of the four-part test from *Turner v. Safley*, 482 U.S. 78, 84 (1987), which permits prison administrators to formulate reasonable prison policies which are rationally related to legitimate governmental interests (such as security and use of facilities) in restricting the exercise of First Amendment rights.  In the present case, Defendant Caruso did not approve a request for the recognition of a new protestant worship group–Apostolic Church–because she determined it to be a protestant denomination that could practice with a recognized Protestant group and share religious facility space and times (given the limited space and times available). (Caruso Aff. at ¶¶ 13, 15-16.)  While there certainly are some significant differences between Apostolic creed and practices and those of other Protestant groups, an impartial Chaplain Advisory Council concluded that those differences were not so significant as to require separate group worship.[1]  (Caruso Aff. at ¶ 15.)  Defendant Caruso expressly permitted Plaintiff and others to receive Apostolic literature, receive clergy and outside visitors and possess approved religious items of the Apostolic faith.  Upon review of these circumstances, the Court finds that Defendant Caruso's determinations were consistent with *Turner* and not in violation of the First Amendment.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Melvin E. Gatewood's Objection (Dkt. No. 25) is **DENIED**, the Report and Recommendation (Dkt. No. 24) is **ADOPTED**, Defendants' Motion for Dismissal and Summary Judgment (Dkt. No. 11) is **GRANTED**, and this action is **DISMISSED**.

---

[1] This recognition of the basic similarity of Protestant (non-catholic) Christians is a long standing of feature of both American Christianity and political history.  See *Hale v. Everett*, 53 N.H. 9, 1868 W.L. 2291 at 2 (N.H. 1868) (describing the New Hampshire Constitution's definition of Protestant as including all Christian, non-catholic groups).

**IT IS FURTHER ORDERED** that the Court certifies under 28 U.S.C. § 1915(a) that an appeal would be taken in good faith given the legitimate nature of the legal disagreement at issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 11, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |