UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN E. GATEWOOD, III,

    Plaintiff,                                       Hon. Richard Alan Enslen

v.                                                       Case No. 1:04-CV-594

UNKNOWN McMILLAN, *et al.*,

    Defendants.
_____/

## **ORDER TO TAX COSTS**

This matter is before the Court on Defendants' Motion to Tax Costs. On August 11, 2005, the Court entered a Judgment dismissing Plaintiff's claims. Defendants now seeks reimbursement of fees and costs in the amount of $89.75. *See* 28 U.S.C. §§ 1920, 1923; Fed. R. Civ. P. 54(d); W.D. Mich. LCivR 54.1.

Federal Rule of Civil Procedure 54 indicates that costs "shall be allowed as of course to the prevailing party," thereby creating "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Moreover, the Sixth Circuit has indicated that, at the conclusion of a suit, costs may be imposed "as in other cases" against a plaintiff who was permitted to proceed *in forma pauperis*, whether or not the lawsuit is deemed frivolous. *See Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); 28 U.S.C. § 1915(e).

There exist several factors which the Court may consider when evaluating a motion for the imposition of costs, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. *See Singleton*, 241 F.3d at 539. Furthermore, while a

plaintiff can no longer assert indigency as a defense to payment of the costs imposed, the Court may consider indigency as a factor relevant to the question of whether to impose costs. *See Id.* at 539, 542; *Talley-Bey v. Knebl*, 168 F.3d 884, 886-87 (6th Cir. 1999); 28 U.S.C. § 1915(f)(2)(A).

Plaintiff has failed to overcome the presumption in favor of awarding costs. Moreover, the costs sought are both reasonable and recoverable. *See* 28 U.S.C. §§ 1920(4), 1923(a); *Meador-Bey v. Jones*, 1993 WL 76228 (6th Cir. Mar. 17, 1993). Accordingly, the Court grants Defendants' motion, imposing upon Plaintiff costs in the amount of $89.75.

Having found appropriate the imposition of the requested costs, the Court must determine how such costs are to be paid. While a prisoner's indigency was previously relevant to this determination, such is no longer the case. *See Talley-Bey*, 168 F.3d at 886-87; 28 U.S.C. § 1915(f)(2)(A). Instead, when costs are assessed, the issue is simply whether the prisoner will be required to pay such costs immediately, or whether he will be permitted to pay over time pursuant to the process articulated in §1915(b)(2). *See Talley-Bey*, 168 F.3d at 886.

On September 12, 2005, the Court directed Plaintiff to respond to Defendants' Motion to Tax Costs. The Court instructed Plaintiff that in addition to his response, he was to "also file with the Court a current Certificate of Prisoner Account Activity and an affidavit identifying any and all income received, as well as the source of such income, for the past six (6) months." The Court expressly warned that "failure by Plaintiff to file a current Certificate of Prisoner Account Activity and an affidavit identifying any and all income received, as well as the source of such income, for the past six (6) months, will result in the entry of an order requiring Plaintiff to immediately pay the awarded costs in a single lump sum." *Id.*

While Plaintiff has submitted a response to the present motion, he has failed to submit a Certificate of Prisoner Account Activity or an affidavit identifying any and all income received during the past six months. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Tax Costs (Dkt. No. 33) is **GRANTED** and costs are imposed upon Plaintiff in the amount of $89.75.

**IT IS FURTHER ORDERED** that Plaintiff shall pay this amount in a single lump sum.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 3, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |